IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20556
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALDO MENDOZA-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-53-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Geraldo Mendoza-Martinez appeals the conviction and 87-month sentence imposed following his plea of guilty to a charge of illegal reentry into the United States after deportation, a violation of 8 U.S.C. § 1326.  He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.  Mendoza-Martinez acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2362; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Mendoza-Martinez's argument is foreclosed.

Mendoza-Martinez argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent. Because Mendoza-Martinez did not challenge his indictment in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard. <u>See</u> <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236 (5th Cir. 2000). Mendoza-Martinez's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment. <u>See</u> <u>id.</u> at 236, 239 & n.13.

Mendoza-Martinez's conviction and sentence are AFFIRMED.